IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VANLOAN,<br>　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| NATION OF ISLAM, et al.,<br>　　　　　Defendants. | NO.  20-6112 |

### MEMORANDUM OPINION

　　　　Plaintiff Jonathan VanLoan, proceeding pro se, claims that Defendants, including the Nation of Islam, the cities of Santa Ana and Fountain Valley, California, Providence Health & Services, Inc., and dozens of individuals associated with those entities, are members of a "seven-year, multi-state Campaign of Terror and Attempted Murder" against him that began in response to a text message he sent in 2013 referring to an acquaintance using a racial slur.  He claims that members of this nationwide conspiracy have surveilled or attempted to murder him during various incidents alleged in the Complaint, including at several coffee shops, the Santa Ana City Jail, a hospital owned by Providence Health & Services, Inc., and a sober living house in Fountain Valley, California, *inter alia*.

　　　　VanLoan asserts claims under California law for assault, battery, false imprisonment, and intentional infliction of emotional distress, and under 42 U.S.C. § 1983 for violations of his constitutional rights.  The Providence Health & Services Defendants, the City of Fountain Valley Defendants, and the City of Santa Ana Defendants have each filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

---

[1] The Providence Health & Services Defendants include Providence Health & Services, Inc., two Providence Health executives, Rodney F. Hochman, M.D. and Amy Compton-Phillips, M.D., and the Medical Director of the Emergency Department at a hospital owned by Providence Health, James Pierog, M.D.  The City of Fountain Valley Defendants include the City of Fountain Valley, the former Fountain Valley Police Chief, Kevin Childe, and two

Under Rule 12(b)(1), a claim may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Where, as here, a motion to dismiss under Rule 12(b)(1) challenges jurisdiction based on the face of a complaint, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Although generally the merits of a "cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case," *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 89 (1998) (citation omitted), "[t]he Supreme Court has authorized courts to dismiss under Rule 12(b)(1) for lack of [subject matter] jurisdiction due to merits-related defects in . . . narrow categories of cases," *Davis v. Wells Fargo*, 824 F.3d 333, 349-50 (3d Cir. 2016). Specifically, under the substantiality doctrine, "federal courts are without power to entertain claims otherwise in their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quotation marks and citations omitted). Thus, pursuant to Rule 12(b)(1), a "claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is . . . wholly insubstantial and

---

Fountain Valley police officers, Ricardo Cendejas and Sherwin Burgos. The City of Santa Ana Defendants include the City of Santa Ana, members of the Santa Ana City Council (Miguel Pulido, David Penaloza, Phillip Bacerra, Vicente Sarmiento, and Jose Solorio), and officers and supervisors of the Santa Ana Police Department (Gil Andres, Lysette Murillo, David Valentin, Jason Viramontes, Kenneth Gominsky, Enrique Esparza, Eric Paulson, Martha Guillen, Norman Sbabo, Mark Perez, Manuel Verdin, David Reyes, Benita Esparza, Leticia Cauble, Vincent Rodriguez, Daniel Garcia, Iupeli Maneafaiga, Ruben Campos, Ernest Villegas, Chelsea Ramirez, Claudia Audelo, Omar Perez, Victor Moyao, Susan Thomas-Reed, Michelle Monreal, Sandra Gallegos, Teresa Ruelas, Luis Garcia, Vincent Galaz, Laura Santos, Mary Rodriguez, Vanessa Clarkson, Andrew Herrera, Francisco Juarez, Rick Zavala, Edgar Perez, Melanie Quingaiza, Samuel Rivera, Pedro Luna, Caroline Contreras, Gustavo Rivera, Claudia Smith, Melinda Mendoza, Margo Todd, and Cody Mccoy).

frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quotation marks and citation omitted).

Each of the pending Motions to Dismiss contends that Plaintiff's Section 1983 claims should be dismissed for lack of subject matter jurisdiction under the substantiality doctrine. The Court agrees. Pro se complaints, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Even liberally construed, however, VanLoan's Section 1983 claims offer the sort of insubstantial and frivolous allegations that are so devoid of merit that they cannot confer subject matter jurisdiction on the basis of a federal question. *See Arbaugh*, 546 U.S. at 513 n.10 (2006); *see also, e.g.*, *DeGrazia v. F.B.I.*, 316 F. App'x 172, 172-73 (3d Cir. 2009) (claim properly dismissed as insubstantial where plaintiff alleged he was "the victim of a government-run . . . genetic experiment," a "fantastic scenario[] lacking any arguable factual basis"). The gravamen of Plaintiff's claim is that the Nation of Islam and a host of unrelated Defendants have hunted him across the United States for seven years, all because he used a racial slur in a single text message. The Complaint offers no factual basis for his obviously fantastical conspiracy theory. As alleged in the Complaint, VanLoan's suspicion that unnamed persons he encountered or interacted with were attempting to murder him is based primarily on their race or ethnicity. Nor does VanLoan allege facts indicating that there is any connection between the Nation of Islam and the other Defendants. Because Plaintiff's allegations are "wholly insubstantial and frivolous," his Section 1983 claim must be dismissed for lack of subject matter jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991) (quotation marks and citation omitted).

3

Defendants also move to dismiss Plaintiff's state law claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, contending that these claims lack adequate factual support sufficient to state a claim.[2]  Dismissal under Rule 12(b)(6) is proper where "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  A claim is facially plausible where it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  However, "a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quotation marks and citations omitted), nor accept as true "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

Plaintiff's state law claims must be dismissed under Rule 12(b)(6) for failure to state a claim.  The Complaint offers insufficient factual support for its claims that the Providence Health & Services, Fountain Valley, or Santa Ana Defendants are liable in tort under California law for their participation in the purported conspiracy.  The Complaint instead premises its tort claims on VanLoan's suspicions that persons he encountered during the various incidents recounted in the Complaint were operatives of the Nation of Islam who intended to murder him, and his

---

[2] Jurisdiction over VanLoan's state law claims is proper pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, as the Complaint alleges that Plaintiff is a resident of Pennsylvania and Defendants are not residents of or incorporated in Pennsylvania, and Plaintiff seeks damages exceeding $75,000.  *See also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-05, 107 (3d Cir. 2015).

unsupported speculation that officers and employees of Providence Health & Services, Inc., the City of Fountain Valley, and the City of Santa Ana were co-conspirators in the violent plot. "Even on a motion to dismiss, we are not required to credit mere speculation." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 542 (3d Cir. 2012) (citation omitted). Because VanLoan's state law claims are supported only with unwarranted inferences and speculation, not with factual allegations sufficient to support the "reasonable inference that the defendant[s are] liable for the misconduct alleged," his state law claims must be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678.

Accordingly, the motions to dismiss filed by the Providence Health & Services Defendants, City of Fountain Valley Defendants, and the City of Santa Ana Defendants will be granted. Because Plaintiff's claims are premised solely on a fantastical conspiracy theory, any further amendment to the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, Plaintiff will not be granted leave to file an amended complaint.

An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

**Date: 8/16/2021**